**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **LABORERS' PENSION FUND and LABORERS' WELFARE FUND of the HEALTH AND WELFARE DEPARTMENT of the CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, and JAMES S. JORGENSEN, Administrator of the Funds,** | |
| **Plaintiffs,** | **Case No. 06 C 1325** |
| v. | **Magistrate Judge Geraldine Soat Brown** |
| **BOUIE CONSTRUCTION, INC.,** | |
| **Defendant.** | |

**PLAINTIFFS' MOTION FOR DAMAGES
CONSISTENT WITH THE TERMS OF THE SETTLEMENT AGREEMENT**

Plaintiffs, the Laborers Pension Fund and Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity (the "Laborers' Funds"), request that the Court enter judgment in a sum certain against defendant Bouie Construction, Inc., ("Bouie") in the total amount of $282,649.09. In support of this motion, plaintiffs state as follows:

1. On October 13, 2006, this Court reinstated this cause consistent with the parties' settlement agreement. Plaintiffs incorporate the Settlement Agreement signed on or about May 24, 2006, into this record which was part of the plaintiffs' motion for reinstatement, which is also attached hereto as Exhibit 1. This cause of action was filed under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1143 and 1132(g)(2) and under the Labor management Relations Act ("LMRA"), as amended, 29 U.S.C. §185(a) seeking unpaid contributions owed to the Laborers' Funds. There is no question that Bouie is in default on the note

1

for its failure to pay December 2006's note payment and its failure to make current contributions as they become due to the Funds. (See Settlement Agreement ¶4). The Settlement Agreement provides for installment payments to be paid covering a delinquency for the period from November 2005 through March 2006. The Agreement also obligated the defendant to pay current contributions as they become due each month. The Settlement Agreement also provided that "upon default the Funds may declare the entire unpaid amounts immediately due and accelerate collection of the total balance owed" and default under the Settlement Agreement also includes unpaid current delinquencies. Paragraph 5 provides that "Defendant Bouie...will not be permitted to raise defenses to bar judgment of the unpaid balance other than payment."

2. Rocco Marcello is the Funds' Field Representative assigned to collect contributions owed by Bouie, among others. In Mr. Marcello's affidavit he establishes that note payments were received through November 2006, but that no payment was received for December 2006. The balance owed for the Installment Note is $108,576.40. (Marcello Affidavit, Exhibit 2) For the months of June 2006, and August 2006 through October 2006, Bouie failed to pay current delinquencies. As established by Mr. Marcello's affidavit, principal contributions are owed to the Funds in the amount of $168,568.00 (includes $31,006.66 for June 2006 and $137,562.00 for August through October 2006). (Exhibit 2).

3. Liquidated damages and interest are due as shown by Mr. Marcello's affidavit. The amount of $3,100.60 is due in penalties for June 2006, and the amount of $13,756.00 is due in penalties for the August through October 2006 delinquencies. Interest is owed in the amount of $1,537.70. (Exhibit 2).

4. The Settlement Agreement in paragraph 5 provides that attorneys' fees will be

included in a judgment for the Funds' efforts to obtain compliance with this Settlement Agreement. Pursuant to ERISA, §1132(g)(2), reasonable attorneys' fees are owed by the delinquent employer for all work performed in the collection of unpaid contributions. Reasonable attorneys' fees and costs are established by an affidavit of Karen I. Engelhardt, plaintiffs' counsel, in the total amount of $3,290.00 in attorneys' fees  (See, Affidavit of Karen I. Engelhardt, attached hereto as Exhibit 3.

Wherefore, plaintiffs drafted a proposed judgment order for a total judgment against in the amount of $282,649.09.

Respectfully submitted,

/s/ Karen I. Engelhardt
One of plaintiffs' attorneys

Wesley G. Kennedy
Karen I. Engelhardt
N. Elizabeth Reynolds
Allison, Slutsky & Kennedy, P.C.,
230 W. Monroe Street Suite 2600
Chicago, IL 60606
(312) 364-9400                                                                December 21, 2006